FILED
United States Court of Appeals
Tenth Circuit

August 30, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILL G. WALKER,

     Petitioner - Appellant,

v.

JOE M. ALLBAUGH,

     Respondent - Appellee.

No. 16-5056
(D.C. No. 4:13-CV-00233-GKF-PJC)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] Oklahoma state prisoner Will Walker seeks a certificate of

appealability (COA) to appeal the district court's denial of his petition for a writ of

habeas corpus filed under 28 U.S.C. § 2254. We deny his request for a COA and

dismiss this matter.

An Oklahoma jury convicted Walker of first degree robbery[2] stemming from a

June 2008 incident during which he attacked a convenience store clerk and stole $300

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Walker's pro se filings, but it's not our role to act as
his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[2] Under Oklahoma law, a defendant commits first degree robbery "when, in the
course of committing the theft, the defendant: 1. inflicts serious bodily injury upon
the person; 2. threatens a person with immediate serious bodily injury;

and several boxes of cigars. The trial court sentenced him to 24 years in prison. Walker appealed his sentence to the Oklahoma Court of Criminal Appeals (OCCA), arguing, in relevant part, that the evidence was insufficient to support the jury's verdict of first degree robbery and, relatedly, that the trial court erroneously instructed the jury on the applicable law governing first degree robbery and the lesser included offense of second degree robbery.

Specifically, although Walker conceded that the trial court correctly instructed the jury regarding the elements of first degree robbery, he argued that the court erred when it provided the jury with an instruction that defined an element of an older version of the first-degree-robbery statute; namely, the instruction defined "fear of immediate injury" instead of "fear of immediate *serious bodily* injury." R. vol. 1, 136-37 (emphasis added). He insisted that this "diluted the [fear] element of first degree robbery by incorrectly advising the jury that the fear of any immediate injury was all that was required to support a conviction for first degree robbery." *Id.* at 137. Likewise, he argued that by giving the jury an outdated instruction that defined "fear" for purposes of second degree robbery as "[f]ear of unlawful future injury" instead of "fear of unlawful injury, *immediate or* future," the trial court "made it all but impossible for [the jury] to find [Walker] guilty of second degree robbery." *Id.* at 137-38 & n.11 (emphasis added). The OCCA denied Walker relief.

---

3. intentionally puts a person in fear of immediate serious bodily injury; or
4. commits or threatens to commit a felony upon the person." Okla. Stat. tit. 21, § 797. A robbery accomplished in any other manner is second degree robbery. *Id.*

2

Walker then filed the underlying federal habeas petition in which—as relevant to this appeal—he reasserted his insufficiency-of-the-evidence and erroneous-jury-instructions claims. He also filed a motion asking the district court to stay his habeas action and certify a question to the OCCA regarding the meaning of "serious bodily injury" as used in Oklahoma's first-degree-robbery statute. The district court denied both his petition and his motion.

Walker seeks to appeal the district court's order, but he must first obtain a COA. 28 U.S.C. § 2253(c)(1)(A). We will grant him a COA "only if [he] has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this substantial showing, Walker must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

## I. Insufficiency of the Evidence

Walker argues that the evidence was insufficient to sustain a conviction for first degree robbery, thus violating his Fourteenth Amendment due process rights. Specifically, he explains that the evidence at best supports a conviction for *second* degree robbery—not first—because he didn't possess "any mechanism of injury" such as "a knife or gun," Aplt. Br. 13-14, and thus couldn't have "*intentionally* put[] a person in fear of immediate serious bodily injury," Okla. Stat. tit. 21, § 797 (emphasis added).

3

A criminal conviction doesn't violate a defendant's due process rights if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). On direct appeal, the OCCA considered Walker's insufficiency-of-the-evidence argument, but denied him relief, explaining that "taking the evidence in the light most favorable to the State[,] any rational trier of fact could find beyond a reasonable doubt that Walker intentionally put the victim in fear of immediate serious bodily injury" given the victim's testimony that "Walker hit, punched, choked and beat [the victim], that his breath was gone, . . . that he was afraid for his life," and that Walker threatened the victim's life by saying "he was 'going down' if he didn't cooperate." R. vol. 1, 163 & n.1. And the district court concluded that "the OCCA's decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law" because, based on the victim's testimony, "a reasonable jury could have found that [Walker] . . . intentionally put a person in fear of immediate serious bodily injury." *Id.* at 294.

In light of the victim's testimony, we conclude that no reasonable jurist could debate the district court's resolution of this claim.

## II. Jury Instructions

Next, Walker argues the jury instructions violated his Fourteenth Amendment due process rights. He asserts that, when "looked at as a whole," the instructions were "fundamentally unfair" because they misled the jury with respect to the

4

elements of first and second degree robbery. Aplt. Br. 11. Had the jury been properly instructed, he insists, the jury would have convicted him of only the lesser offense.

To obtain habeas relief on his jury-instruction claim, Walker has to show that the instructions were "so fundamentally unfair as to deprive [him] of a fair trial and . . . due process of law." *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997) (citation omitted); *see Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (explaining that federal habeas courts should consider, "in the context of the instructions as a whole," "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process" (citation omitted)).

Here, the OCCA agreed that the jury instructions contained a definition applicable to an older version of the first-degree–robbery statute—i.e., that the district court erroneously provided a definition of "fear of immediate injury" rather than "fear of immediate serious bodily injury"—but concluded that Walker couldn't show he was prejudiced by the outdated definition instruction because "[b]oth parties emphasized in argument that jurors must find Walker intended to put the victim in immediate fear of serious bodily injury," and "[s]ufficient evidence supported the jury's conclusion that Walker did so." R. vol. 1, 163 n.2. Moreover, the court found that any error with respect to the definition pertaining to second degree robbery was moot because "evidence support[ed] Walker's conviction for the charged crime and jurors did not find Walker guilty of the lesser included offense." *Id.* at 174.

In a well-reasoned discussion spanning five pages, the district court agreed with the OCCA. The district court explained that, considering the instructions as a

5

whole, Walker's trial wasn't fundamentally unfair because "the trial court properly instructed the jury on the elements of First and Second Degree Robbery." *Id.* at 297. And although the instructions failed to define "fear of immediate *serious bodily injury*," and erroneously defined "fear" for purposes of second degree robbery as fear of "unlawful *future* injury," the court concluded that Walker wasn't prejudiced because, as discussed above, the evidence was nonetheless sufficient to support the conviction for first degree robbery. *Id.* at 295, 297 (emphasis added).

In light of the district court's well-reasoned opinion, we conclude that no reasonable jurist could debate the district court's resolution of this claim.[3]

Accordingly, we deny Walker's request for a COA and dismiss this matter.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[3] We also agree with the district court that, in light of its disposition of Walker's sufficiency-of-the-evidence and jury-instructions claims, Walker's proffered question to be certified to the OCCA "is not dispositive of [his] claims as raised in this habeas case." R. vol. 1, 290; *see Kan. Judicial Review v. Stout*, 519 F.3d 1107, 1119 (10th Cir. 2008) (noting that the court will only certify questions that are both unsettled and dispositive). Specifically, even if the OCCA answered the proposed certified question in the affirmative as Walker urges—i.e., even if the OCCA answered that "serious bodily injury" did have the same meaning in September 2009 as it did when the OCCA decided *Owens v. State*, 229 P.3d 1261 (Okla. Crim. App. 2010)—Walker wouldn't be entitled to federal habeas relief because no reasonable jurist could debate that the evidence sufficiently established that Walker intentionally put the convenience store clerk in fear of immediate "serious bodily injury," as that term is defined in *Owens*. *See* 229 P.3d at 1264-65.

6